## LEWIS PETERS *v.* COMMONWEALTH.

**Criminal Law—Horse Stealing—Jurisdiction of Circuit Court.**
   Where one steals a horse in one county the circuit court of that
county has jurisdiction of the offense.

### APPEAL FROM BOURBON CIRCUIT COURT.

#### February 13, 1877.

OPINION BY JUDGE ELLIOTT:

The appellant, in January, 1877, was indicted, tried and convicted of the offense of horse stealing, by a verdict and judgment of the Bourbon Circuit Court, and from that judgment he has appealed.

The appellant, it seems, was in custody, and when the indictment was found he appeared and moved the court to set it aside for want of jurisdiction, which motion being overruled and excepted to, he pleaded guilty of the offense, and by the verdict of the jury was convicted to the state prison for three years.

We fail to perceive why the court did not have jurisdiction. The confession of the prisoner is evidence that he stole the horse in Bourbon county. But it is contended that this case must be ruled by Sec. 24 of the Criminal Code of 1877, and by virtue of that section the Bourbon Circuit Court had no jurisdiction. That section provides that "if the jurisdiction of an offense be in two or more counties the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

This section only applies where jurisdiction of the same offense is in more than one county, as where an offense is committed on a highway which is the division line between two counties and the like, but it has no application to this case. This court has decided that to steal a horse in one county and take it into another makes it a fresh felony in the latter county, and every other county into which the stolen horse is taken. It is not the same, but a new offense. As the appellant admitted that he stole the horse in Bourbon county, the facts admitted only prove that he committed another felony by taking it into Bath county.

Besides, the admitted facts do not show that the appellant was necessarily guilty of a felony at all in Bath county. They only amount to this: that appellant "was arrested in Bath county with the stolen horse in his possession before the finding of the indictment in this case against him. He may have been in possession

22

of the stolen horse and yet not have stolen nor received with a knowledge that it had been stolen."

We are of opinion that the motion to withdraw the plea of guilty was properly overruled, and as no errors are preceived to the judgment, the same is *affirmed.*

*Irvin Taylor, for appellant. Moss, for appellee.*